UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KENNETH MARTIN | CIVIL ACTION |
| VERSUS | NO. 21-496 |
| NISSAN NORTH AMERICA, INC, *et al.* | SECTION M (4) |

# ORDER

Before the Court is a motion by defendant United Services Automobile Association ("USAA") to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1] The motion was set for submission on February 24, 2022.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which deadline in this instance was February 17, 2022. Plaintiff Kenneth Martin, who is represented by counsel, did not file an opposition. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 26.

[2] R. Doc. 26-2.

[3] Martin filed this action against USAA, his automobile liability insurer, and various other defendants seeking damages for a defective pickup truck. R. Doc. 20. Martin asserts claims under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301-2312, and Louisiana state law. R. Doc. 20. USAA filed the instant motion to dismiss arguing that the MMWA does not apply to it, as an automobile liability insurer, and this Court lacks diversity subject-matter jurisdiction to hear Martin's state-law claims against it because USAA and Martin are both Louisiana citizens. R. Doc. 26-1. The MMWA provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief (A) in any court of competent jurisdiction in any State or the District of Columbia; or (B) in an appropriate district court of the United States, subject to [prescribed minimums for the amount in controversy]." 15 U.S.C. § 2310(d)(1)(A)-(B). USAA is not a supplier, warrantor, or service contractor. Thus, the MMWA does not apply to it. Further, USAA "has consistently been found to be an unincorporated association with Louisiana citizenship for purposes of determining diversity jurisdiction." *Rodriguez v. USAA Cas. Ins. Co.*, 2007 WL 9812999, at *3 (E.D. La. Dec. 5, 2007), *cited in Fields v. Progressive Cas. Ins. Co.*, 2022 WL 324028, at *3 (M.D. La. Jan. 18, 2022) ("Because USAA is an unincorporated association, its citizenship is determined by the citizenship of all its members."). As Martin is also a Louisiana citizen, this Court lacks diversity jurisdiction over Martin's state-law claims against USAA. Accordingly, Martin's claims against USAA must be dismissed.

IT IS ORDERED that USAA's motion to dismiss (R. Doc. 26) is GRANTED.

IT IS FURTHER ORDERED that Martin's MMWA claims against USAA are DISMISSED WITH PREJUDICE and his state-law claims against USAA are DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

New Orleans, Louisiana, this 21st day of February, 2022.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE